IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY D. JENNINGS, individually        :
and behalf of all others similarly situated,  :
                                         :        CIVIL ACTION NO.
        Plaintiff,                       :        _____
                                         :
v.                                       :
                                         :
STRONGHAVEN, INC., ADVANCED              :
DESIGN & PACKAGING, INC.                 :
                                         :
        Defendants.                      :

## **COMPLAINT**

Plaintiff Jeffrey D. Jennings brings this action on behalf of himself and all others similarly situated under the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §201, et. seq.], thereinafter "the Act," against Defendants Stronghaven, Incorporated (hereinafter referred to as "Stronghaven") and Advanced Design & Packaging, Inc. (hereinafter referred to as "Advanced") to recover unpaid overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

## NATURE OF THE ACTION

### 1.

This is a collective action pursuant to 29 U.S.C. § 216(b) based on Defendants' willful violations of the overtime provisions of the Act, in which Plaintiff, on behalf of himself and Similarly Situated Employees of Defendants, seeks to recover unpaid overtime compensation, an additional equal amount as liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 207, 216 and 255(s).  In this pleading, the term "Similarly Situated Employees" includes all persons who were employed by Defendants as a Corrugating Supervisor or Machine Operator during the applicable statute of limitations period and who are owed overtime pay pursuant to the Fair Labor Standards Act.  Pursuant to Defendants' common policy, plan, practice, procedure, protocol, routine, and/or rule, Plaintiff and the Similarly Situated Employees were all required to work overtime hours, off-the-clock, and not paid for hours worked in excess of 40 hours per week.

## PARTIES

### 2.

Plaintiff Jeffrey D. Jennings was at all times material an employee of Defendants in the State of Georgia.

3.

Defendant Stronghaven, at all times relevant to this action, has been duly organized and existing under the laws of the State of North Carolina as a corporation having a principal place of business at 2727 Paces Ferry Road, Building 1, Suite 1850, Atlanta, Georgia 30339.

4.

Defendant Advanced, at all times relevant to this action, has been duly organized and existing under the laws of the State of Georgia as a corporation, having a principal office address of 623 N. Main Street, Hattiesburg, Mississippi P.O. Box 1828 Hattiesburg, Mississippi 39403.

5.

Defendants Stronghaven and Advanced are registered to do business in the State of Georgia, and can be served through its registered agent, C T Corporation System, located at 1201 Peachtree Street, NE, Suite 1240, Fulton, Atlanta, Georgia 30361.

6.

At all times relevant to the action, Defendants employed Plaintiff and Similarly Situated Employees as employees defined by Sections 203(a), (e) and (g) of the Act [29 U.S.C. § 203(a), (e) and (g)].

7.

Defendants, at all times relevant to this action, acted directly or indirectly in the interest of Defendants in relation to its employees, including Plaintiff and those Similarly Situated Employees.  Defendants set Plaintiff's and Similarly Situated Employees' rate of pay, required Plaintiff and Similarly Situated Employees to regularly work more than 40 hours in a workweek, and determined that Plaintiff ans Similarly Situated Employees was not to be paid overtime compensation in accordance with the Act.  Therefore, Defendants are employers within the meaning of Section 203(d) of the Act.

8.

At all times relevant to this action, Defendants, having engaged in related activities performed through unified operation or common control for a common business purpose, constituted an enterprise within the meaning of Section 203(r) of the Act [29 U.S.C. § 203(r)].

9.

At all times relevant to the action, Defendants employed employees, including Plaintiff and Similarly Situated Employees, in and about its place of business in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials within the meaning of Sections 203(b),

(g), (i) and (j) of the Act [29 U.S.C. § 203 (b), (g), (i) and (j)].   Defendants' employees, including Plaintiff and Similarly Situated Employees, produced goods that would be sent out of state and regularly used the instrumentalities of interstate commerce in their work, such as regular and recurrent use of interstate telephone calls, facsimiles, mail and delivery services, and internet.

10.

At all times relevant to the action, Defendants had an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

11.

By reason of the foregoing, Defendants haves been, at all times hereinafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 203(r) and (s) of the Act [29 U.S.C. § 203 (r) and (s)].

## **JURISDICTION AND VENUE**

12.

Jurisdiction of the action is conferred upon the Court by Section 16(b) of the Act [29 U.S.C. § 216(b)] and 28 U.S.C. Section 1337.

13.

Venue is proper in the Court because the unlawful employment practices complained of herein occurred in the judicial district and Defendants have a place of business within the judicial district. 28 U.S.C. § 1391.

**FACTS**

14.

Plaintiff has been employed by Defendants for approximately twenty-seven years. During the relevant period from August 2013 to July 2016, Defendants employed Plaintiff as a Corrugating Supervisor, running a machine that manufactured corrugated fiber board.  Plaintiff was a salaried employee and received approximately $3,385.50 every two weeks.

15.

The services performed by Plaintiff and the Similarly Situated Employees were a necessary and integral part of and directly essential to Defendants' business.

16.

Plaintiff and Similarly Situated Employees regularly worked more than 40 hours in each workweek in which he was employed by Defendants.  Defendants set Plaintiff's hours requiring he work from 6 a.m. to 6 p.m. six days per week. On occasion, Plaintiff worked 7 days per week.

17.

Defendants knew and required Plaintiff and Similarly Situated Employees regularly to work more than 40 hours per workweek.

18.

Defendant has intentionally failed and/or refused to pay Plaintiff and the Similarly Situated Employees in accordance with the provisions of the FLSA.

19.

The systems, practices and duties of the Plaintiff and the Similarly Situated Employees have existed for at least three years throughout Defendant's business.

20.

For at least three years, Defendants have been aware of the requirements of the FLSA and its corresponding regulations necessary to provide managerial employees with overtime compensation. Despite this knowledge, Defendants have failed to pay its employees the mandatory overtime compensation to conform the duties of these employees to the requirements of the FLSA.

21.

Defendant has intentionally and repeatedly misrepresented the true status of managerial compensation to its employees as well as their entitlement to overtime compensation in order to avoid suspicion and inquiry by employees regarding their

entitlement to monies owed to them.  Plaintiff and the Similarly Situated Employees relied upon these misrepresentations by Defendant and were unable to determine their true status under the FLSA by the exercise of reasonable diligence because of those misrepresentations.

22.

Plaintiff and the Similarly Situated Employees regularly worked more than 40 hours in each workweek in which they were employed by Defendant.  Defendant knew that Plaintiff and the Similarly Situated Employees regularly worked more than 40 hours per workweek.

23.

Defendant paid Plaintiff and the Similarly Situated Employees their regular salary even when they worked over 40 hours in a workweek.  Defendant repeatedly violated Section 7 of the Act [29 U.S.C. § 207] by failing to compensate Plaintiff and the Similarly Situated Employees at a rate of at least one and one-half times the regular rate at which they were employed for every hour over 40 in a workweek. Defendant owes Plaintiff and the Similarly Situated Employees time-and-half for every overtime hour they worked during their employment.

24.

Defendants knew or showed reckless disregard for whether its failure to pay Plaintiff and the Similarly Situated Employees overtime compensation was prohibited by the Act.  Defendant's violations of the Act were willful and subject to the three year statute of limitations.  29 U.S.C. § 255(a).

25.

Defendant has at all times pertinent hereto been required by Section 11 of the Act [29 U.S.C. § 211] and the regulations at 29 C.F.R. Part 516 to keep the following complete and accurate records with respect to Plaintiff and the Similarly Situated Employees:  the hour and day the workweek begins; total hours worked each workday and each workweek; total weekly straight-time earnings; total overtime compensation; date of payment and pay period covered.

26.

All records concerning the number of hours worked by Plaintiff and the Similarly Situated Employees and the compensation they received in workweeks in which they worked overtime hours are in the possession and under the custody and control of the Defendant, and Plaintiff and the Similarly Situated Employees are unable to state at this time the exact amount owing to them.

27.

Plaintiff estimates that he worked a total of at least 4,704 overtime hours for which he was not properly compensated.

## FLSA COLLECTIVE ACTION ALLEGATIONS

28.

In the count below, captioned as Violations of the Fair Labor Standards Act "the Count"), Plaintiff brings an action for a violation of the FLSA in a collective action pursuant to 29 U.S.C. §§ 207(a), 216(b) and 255(a) on behalf of all Similarly Situated Employees in the United States on or after the date that is three years before the filing of the Complaint, and incorporates herein by reference the Consent that he filed with his original Complaint.

29.

Plaintiff and the Similarly Situated Employees:

(a)     worked for Defendants as a Corrugator Supervisor or Machine Operater;

(b)     were employed by Defendants at various times during the applicable statute of limitations period to the present;

(c)     had work schedules and rates of pay that were controlled by Defendants; and

(d)     were paid less than the required overtime wages for work performed in

excess of 40 hours per workweek.

30.

At all relevant times, Plaintiff and the Similarly Situated Employees are and

have been similarly situated, have had substantially similar job requirements and pay

provisions, and have all been subject to Defendants' common policy, plan, practice,

procedure, protocol, routine, and/or rule, under which Defendants' have (a) willfully

failed and refused to pay them at the legally required time-and-a-half rates for work

in excess of forty (40) hours per workweek, and (b) willfully failed to keep records

required by the FLSA.  The claims of Plaintiff stated herein are the same as those of

the Similarly Situated Employees.

31.

The Count below is properly brought under and maintained as an opt-in

collective action pursuant to 29 U.S.C. § 216(b).  The numerous Similarly Situated

Employees who have been improperly compensated in violation of the FLSA would

benefit from the issuance of Court-Supervised Notice of the present lawsuit and the

opportunity to join the present lawsuit.  For purpose of Notice and other purposes

related to this action, the Similarly Situated Employees are known to Defendants;

and their names and addresses are readily available through Defendants' records.

Adequate notice should be provided to the Similarly Situated Employees via first class mail.

## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

32.

Plaintiff incorporates herein the allegations set forth in Paragraphs 1 through 31 above, as if set forth fully.

33.

Defendants repeatedly and willfully employed Plaintiff and the Similarly Situated Employees in the aforesaid enterprise for workweeks longer than 40 hours and failed and refused to compensate them for their employment in excess of 40 hours per workweek at a rate of at least one and one-half times the regular rate at which they were employed, in violation of the requirements of Section 7(a) of the Act [29 U.S.C. § 207(a) and 255(a)].

34.

Defendants are liable to Plaintiff for all unpaid overtime compensation for which he should have been paid throughout his employment.  Plaintiff estimates that the amount in overtime compensation owed his is greater than or equal to $165,889.50.  Defendants further owe Plaintiff an additional equal amount of about $165,889.50 as liquidated damages.  Plaintiff is also entitled to recover from

Defendants his reasonable attorney's fees and costs of the action. 29 U.S.C. § 216(b).

35.

Defendant is liable to the Similarly Situated Employees for all unpaid overtime compensation for which they should have been paid throughout their employment in an amount to be determined at trial. Defendant further owes the Similarly Situated Employees an additional equal amount as liquidated damages. The Similarly Situated Employees are also entitled to recover from Defendant their reasonable attorney's fees and costs of the action. 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, individually and on behalf of the Similarly Situated Employees, pursuant to §216(b) of the FLSA, prays for the following relief:

1. That at the earliest possible time, Plaintiff be allowed to give notice, or that the Court issue such notice, to all Defendants' employees in all locations within the United States during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid managerial compensation and benefits pursuant to 29 U.S.C. § 216(b).

2.     That Plaintiff and each of the Similarly Situated Employees who opt-into this action be awarded damages in the amount of his or her respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and/or prejudgment interest;

3.     That Plaintiff and each of the Similarly Situated Employees who opt-into this action be awarded reasonable attorneys' fees, including the costs and expenses of this action; and

4.     That Plaintiff and each of the Similarly Situated Employees who opt-into this action have such other legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial on all triable issues.

This the 17th day of October, 2016.

The Doss Firm, LLC


/s/ Jason R. Doss_____
Jason R. Doss
Georgia Bar No. 227117

/s/ Samuel T. Brannan
Samuel T. Brannan
Georgia Bar No. 076688

36 Trammell Street, Suite 101
Marietta, Georgia 30064
Telephone: (770) 578-1314
Facsimile:  (770) 578-1302
Email: jasondoss@dossfirm.com

ATTORNEYS FOR PLAINTIFF JEFFREY
D. JENNINGS

## **CONSENT BY PLAINTIFF**

I, Jeffrey D. Jennings, hereby consent to being named as a party Plaintiff to this Action.

/s/ Jeffrey D. Jennings
Jeffrey D. Jennings