# Exhibit A

# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF CLAIMS

This Settlement Agreement and Full and Final Release of Claims ("Agreement") is entered into by and between **Jeffrey Jennings** ("Plaintiff"), and **Stronghaven, Inc. and Advanced Design & Packaging, Inc.** (collectively, "ADP"), their past and present parents, subsidiaries or affiliates, and their respective past or present predecessors, successors, assigns, representatives, officers, directors, agents and employees (Plaintiff and ADP are collectively referred to herein as "the parties").

WHEREAS, Plaintiff filed the lawsuit *Jennings v. Stronghaven, Inc. and Advanced Design & Packaging, Inc.*, 1:16-cv-03859-SCJ (the "Action") in the Northern District of Georgia.

WHEREAS, ADP denies each of Plaintiff's claims in the Action and denies that Plaintiff is entitled to any relief whatsoever.

WHEREAS, to avoid the uncertainty, burdens, and expense of further litigation, and without admission or finding of liability or wrongdoing on the part of ADP, such being expressly denied by ADP, Plaintiff and ADP desire fully and finally to resolve the Action, all monetary damages and other relief of any nature whatsoever alleged in or sought by the Action, and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Plaintiff against ADP relating to conduct or events occurring at any time prior to and including the date on which this Agreement is executed.

WHEREAS, Plaintiff and ADP recognize that a bona fide dispute remains as to liability, if any, for attorneys' fees and costs and that this Agreement represents a bona fide compromise of all claims by Plaintiff for attorneys' fees, expenses and costs, which was negotiated at arms-length by counsel for the parties.

NOW, THEREFORE, in consideration of the promises that are contained in this Agreement and other good and valuable consideration, the legal adequacy and sufficiency of which is acknowledged, it is agreed as follows:

1. **Non-Admission**. This Agreement and compliance with this Agreement shall not be construed as an admission by ADP of any liability whatsoever, or as an admission by ADP of any violation of the rights of any person or entity, violation of any order, law, statute, duty, or contract whatsoever against any person or entity. ADP specifically disclaims any liability to Plaintiff or any other person for any alleged violation of the rights of Plaintiff or any person, or for any alleged violation of any order, law, statute, duty, or contract on the part of ADP, its employees or agents or related companies or employees or agents of the related companies.

Plaintiff        ADP              Page 1 of 7

2. **Settlement Consideration.** In consideration for signing this Agreement and the fulfillment of the promises herein, ADP agrees to pay the gross sum of **Ninety Thousand Dollars ($90,000.00)** (the "Settlement Amount"), as set out below. This payment is inclusive of all claims for attorneys' fees and expenses.

   a. <u>Payment to Plaintiff for Claimed but Disputed Lost Wages.</u> Within the time and in the manner specified in subsection (e) below, ADP will issue a check made payable to Plaintiff in the gross amount of **Twenty-Nine Thousand Five Hundred Dollars ($29,500.00)**, less all applicable withholding taxes and payroll deductions, as payment for claimed but disputed lost wages, for which ADP will issue Plaintiff an IRS Form W-2;

   b. <u>Payment to Plaintiff for Claimed but Disputed Liquidated Damages.</u> Within the time and in the manner specified in subsection (e) below, ADP will issue a check made payable to Plaintiff in the gross amount of **Twenty-Nine Thousand Five Hundred Dollars ($29,500.00)**, as payment for claimed but disputed liquidated damages, for which ADP will issue an IRS Form 1099 to Plaintiff;

   c. <u>Payment to Plaintiff for Claimed but Disputed General Damages.</u> Within the time and in the manner specified in subsection (e) below, ADP will issue a check made payable to Plaintiff in the gross amount of **One Thousand Dollars ($1,000.00)**, as payment for claimed but disputed general damages, for which ADP will issue an IRS Form 1099 to Plaintiff;

   d. <u>Payment of Attorneys' Fees, Costs, and Expenses.</u> Within the time and in the manner specified in subsection (e) below, ADP will issue to Plaintiff's counsel a check made payable to The Doss Firm, LLC in the gross amount of **Thirty Thousand Dollars ($30,000.00)**, upon receipt of a W-9 form. This amount represents payment of all claimed attorneys' fees, costs and expenses. ADP will issue an IRS Form 1099 to Plaintiff and The Doss Firm, LLC for this payment.

   e. <u>Timing and Manner of Payment</u>: Within ten (10) business days after all of three of the following: (1) Plaintiff and Plaintiff's counsel sign and deliver the original executed Agreement to ADP's counsel, (2) Plaintiff's counsel signs and files the Joint Motion for Stipulated Dismissal With Prejudice and Approval of Settlement referenced in Section 3 below, and (3) the Court's entry and approval of the stipulation of dismissal, then ADP shall deliver the checks referenced in Sections 2(a) through 2(d) to Plaintiff's counsel.

3. **Dismissal with Prejudice.** Contemporaneous with Plaintiff's and Plaintiff's counsel's execution and return of this Agreement, Plaintiff and Plaintiff's counsel shall sign and file with the court the attached Joint Motion for Stipulated Dismissal With Prejudice and Approval of Settlement, to dismiss the Action.

_____  _____
Plaintiff    ADP

4. **Complete Release by Plaintiff.**

    a.    **Claims Released by Plaintiff**:

        i.  In consideration for ADP's payment to Plaintiff and his attorneys the amounts set forth in Section 2(a) through (d), Plaintiff irrevocably and unconditionally releases all the Claims described in this paragraph that he had or may now have from the beginning of time until the date of this Agreement against the Released Parties listed in Section 4(b), except that he is not releasing any Claim that relates to: (1) the right to enforce this Agreement, (2) any rights or claims that arise after signing this Agreement, and (3) any rights or claims that cannot lawfully be released. Subject only to the exceptions just noted, Plaintiff is releasing all known and unknown claims, promises, causes of action, or similar rights of any type that he had or may have ("Released Claims") with respect to any Released Party listed in Section 4(b). Plaintiff understands that the Released Claims he is releasing in consideration for the amounts set forth in Sections 2(a) and (b) might arise under many different laws (including statutes, regulations, other administrative guidance, and common law doctrines), such as, but not limited to, the following:

<u>Any and all claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with ADP</u>, known or unknown, including but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act, and any and all other applicable state, federal, county or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages. Plaintiff has been fully compensated for his claims under the Fair Labor Standards Act. Plaintiff also represents and certifies that he has received full payment for all hours worked while employed by ADP, including overtime hours, bonuses and vacation pay.

<u>Anti-retaliation and discrimination statutes</u>, such as Title VII of the Civil Rights Act of 1964, which prohibits discrimination and harassment based on race, color, national origin, religion, and sex and prohibits retaliation; the Equal Pay Act, which prohibits paying men and women unequal pay for equal work; the Americans With Disabilities Act and Sections 503 and 504 of the Rehabilitation Act of 1973, which prohibit discrimination based on disability and retaliation; Sections 1981 and 1983 of the Civil Rights Act of 1866, which prohibit discrimination and harassment on the basis of race, color, national origin, religion or sex and retaliation; and any other federal, state, or local laws prohibiting retaliation or employment discrimination.

<u>Federal employment statutes</u>, such as the Employee Retirement Income Security Act of 1974, which, among other things, protects employee benefits; the Family and Medical Leave Act of 1993, which requires employers to provide leaves of absence under certain circumstances; the WARN Act, which requires that advance notice be given of certain work force reductions; and any other federal laws relating to employment, such as veterans' reemployment rights laws.



Plaintiff      ADP

<blockquote>

<blockquote>

<u>Other laws</u>, such as any federal, state, or local laws governing payment of wages, or otherwise regulating employment; any federal, state, or local laws restricting an employer's right to take action with respect to and/or terminate employees, or otherwise regulating employment; any federal, state, or local law enforcing express or implied employment contracts or requiring an employer to deal with employees fairly or in good faith; and any other federal, state, or local laws providing recourse for alleged wrongful discharge, breach of contract, improper garnishment, assignment, or deduction from wages, health and/or safety violations, improper drug and/or alcohol testing, tort, physical or personal injury, emotional distress, fraud, negligence, negligent misrepresentation, defamation, abusive litigation, and similar or related claims.

<u>Examples of Released Claims</u> include, <u>but are not limited to</u>, the following (except to the extent explicitly preserved by this Agreement): (i) Claims that in any way relate to Plaintiff's employment with any Released Party such as Claims for compensation, including wages, overtime compensation, liquidated damages, interest and/or penalties, benefits of any kind, or unused accrued vacation or sick pay; (ii) Claims that in any way relate to allegations of alleged personal or physical injury or retaliation; (iii) Claims that in any way relate to any state law tort or contract causes of action; (iv) Claims for attorneys' fees, expenses or costs arising out of the Action.

</blockquote>

b. **Released Parties**: The "Released Parties" are Stronghaven, Inc. and Advanced Design & Packaging, Inc., and all of their predecessors, successors, current, future and former parents, subsidiaries, affiliates, related companies, partnerships, investors, or joint ventures, and, with respect to each of them, their predecessors and successors; and, with respect to each such entity, all of its past, present, and future employees, officers, directors, stockholders, owners, representatives, assigns, attorneys, agents, insurers, plans, trustees, and any other persons acting by, through, under or in concert with any of the persons or entities listed in this subsection, and their successors. Any individual person or entity included in the Released Parties shall be referred to individually as a "Released Party."

c. **Unknown Claims**: Plaintiff understands that he is releasing the Released Parties from Released Claims that he may not know about. That is his **knowing and voluntary intent**, even though he recognizes that someday he might learn that some or all of the facts he currently believes to be true are untrue and even though he might then regret having signed this Agreement. Nevertheless, Plaintiff is assuming that risk and agrees that this Agreement shall remain effective in all respects in any such case. Plaintiff expressly waives all rights he might have under any law that is intended to protect him from waiving unknown claims. Plaintiff understands the significance of doing so.

</blockquote>

**Court Approval.** Pursuant to Eleventh Circuit authority, the parties will seek Court approval of the Agreement as it relates to the dismissal of the claims asserted under the FLSA. Plaintiff agrees to cooperate in obtaining such approval including filing the attached Joint Motion for Stipulated Dismissal With Prejudice



Plaintiff        ADP

        and Approval of Settlement (and which may include filing any agreement *in camera* or under seal). The parties agree that they will submit the Agreement to the Court for approval *in camera* if necessary (or under seal if required to be filed) and jointly recommend to the District Court approval of the Agreement. If the Court does not approve the settlement of the FLSA claims, this Agreement will be null and void and the parties will proceed with the pending litigation.

5. **Maintenance of Documents.** Plaintiff and Plaintiff's counsel agree not to disclose any documents or copies of documents (except for pleadings) received from ADP or from their counsel during the course of the Action to persons unrelated to this Action.

6. **No Re-Employment.** Plaintiff agrees never to seek employment or a direct independent contractor relationship with ADP, or any current, future and/or former parents, subsidiaries, divisions, related companies, partnerships, joint ventures, and/or predecessor and successor entities listed as Released Parties in Section 4(b). Plaintiff acknowledges and agrees that he has no right to employment or re-employment and ADP and Released Parties may legally refuse to employ him.

7. **Payment of Applicable Taxes**. Plaintiff is and shall be solely responsible for all federal, state and local taxes that may be owed by Plaintiff by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Plaintiff agrees to indemnify and hold ADP harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Plaintiff under this Agreement.

8. **Non-Disparagement and Incitement of Claims.** Plaintiff agrees that he will not criticize, denigrate, or disparage ADP in any comments or statements he may make at any time after the execution of this Agreement. Plaintiff also agrees that he will not encourage or incite other current or former employees of ADP to disparage or assert any complaint, claim or charge, or to initiate any legal proceeding, against ADP.

9. **Counterparts**. This Agreement may be executed in any number of counterparts and by different parties hereto in separate counterparts, with the same effect as if all parties had signed the same document. All such counterparts shall be deemed an original, shall be construed together, and shall constitute one and the same instrument. If any provision in this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.



Plaintiff      ADP

> READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

**AGREED AND ACCEPTED:**

*[signature]*
Plaintiff Jeffrey Jennings
Date: May 21, 2017

Approved as to form and content, this 24th day of May, 2017.

By: *[signature]*
For The Doss Firm LLC
(Plaintiff's counsel)

**AGREED AND ACCEPTED:**

_____
Defendants Stronghaven, Inc. and Advanced Design & Packaging, Inc.,

By: _____

Name: _____

Title: _____

Date: _____

*[initials]* Plaintiff     ADP

Page 6 of 6

READ THIS RELEASE CAREFULLY AND CONSIDER ALL OF ITS PROVISIONS BEFORE SIGNING IT: IT INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

**AGREED AND ACCEPTED:**

Plaintiff Jeffrey Jennings
Date: _____

Approved as to form and content, this ____ day of _____, 2017.

By: _____
For The Doss Firm LLC
(Plaintiff's counsel)

**AGREED AND ACCEPTED:**

Defendants Stronghaven, Inc. and Advanced Design & Packaging, Inc.

By: _[signature]_

Name: John A. Burnam

Title: General Counsel + Secretary

Date: 05/24/17

Plaintiff   ADR _[initials]_